# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN CONCEPCION,<br><br>               Petitioner,<br><br>v.<br><br>DAVID VARANO,<br><br>               Respondent. | CIVIL ACTION NO. 1:11-CV-02225<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

On November 30, 2011, the Court received and filed a petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the Petitioner, Juan Concepcion, on November 17, 2011. (Doc. 1). At the time of filing, Concepcion was incarcerated at SCI Coal Township, which is located in Northumberland County, Pennsylvania. (Doc. 1). In the petition, Concepcion challenges his conviction by jury in the Juniata County Court of Common Pleas on drug trafficking charges and related offenses. On July 10, 2012, the Court issued an Order staying adjudication of the petition to permit the Petitioner to exhaust his claims in state court. (Doc. 19). Counsel for Concepcion filed a status report on April 15, 2015, informing the Court that Concepcion's Post-Conviction Relief Act ("PCRA") petition was denied in a final order issued by the Juniata County Court of Common Pleas and that Concepcion did not file a timely notice of appeal to the Pennsylvania Superior Court. (Doc. 35). Given that Concepcion's exhaustion efforts have concluded, the Court requested supplemental briefing from the parties on the issues of exhaustion and procedural default. (Doc. 39). Having been fully briefed, the Court now addresses the issue of whether Concepcion's claims have been properly exhausted.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On July 24, 2008, following a jury trial, Concepcion was convicted in the Juniata County Court of Common Pleas of the following charges: Possession with Intent to Deliver a Controlled Substance, Criminal Use of a Communication Facility, Corrupt Organizations, Criminal Conspiracy, and Dealings in Proceeds of Unlawful Activities. *Commonwealth v. Concepcion*, Docket No. CP-34-CR-0000077-2007 (Juniata County C.C.P.).[1] On September 22, 2008, Concepcion was sentenced to a term of 14 to 28 years in prison. *Commonwealth v. Concepcion*, Docket No. CP-34-CR-0000077-2007 (Juniata County C.C.P.). Concepcion then filed several post-trial motions, which were denied by the Court of Common Pleas in orders filed on November 26, 2008, December 8, 2008, and December 9, 2008. *Commonwealth v. Concepcion*, Docket No. CP-34-CR-0000077-2007 (Juniata County C.C.P.).

On December 24, 2008, Concepcion filed a direct appeal to the Superior Court of Pennsylvania in which he raised the following four claims: (1) that he was denied his right to a speedy trial; (2) that mandatory sentences were imposed without a substantial evidentiary basis; (3) that there should have been only one delivery charge and one possession with intent charge because the charges were continuing in nature; and (4) that the Juniata County Court of Common Pleas lacked venue to hear the case. *Commonwealth v. Concepcion*, Docket No. 2225

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. *Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Juniata County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

MDA 2008 (Pa. Super. Ct.); (Doc. 41, at 3). Concepcion's counsel filed an appellate brief with the Superior Court on July 17, 2009.[2] (Doc. 14-7, at 44-82). While his direct appeal was pending, Concepcion filed a *pro se* "Petition for Remand for Appointment of Counsel" to the Superior Court, alleging that his counsel throughout the trial and direct appeal had provided ineffective assistance in failing to: (1) argue that the evidence was insufficient to warrant a conviction; (2) investigate facts and interview witnesses that could have established an alibi defense; and (3) assert Confrontation Clause arguments in regard to the lack of evidence at trial linking him to the seized controlled substances other than the testimony of two admitted drug dealers, and the lack of any laboratory analysis to confirm the chemical nature of the controlled substances. (Doc. 1-1, at 22-27). In a one-page order filed on September 29, 2009, the Superior Court denied Concepcion's petition and provided Concepcion's counsel with a copy of the petition and the Superior Court's order. (Doc. 1-1, at 50-51 (citing *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993)). Concepcion's conviction and sentence were ultimately affirmed on direct appeal by the Superior Court on July 6, 2010.[3] *Commonwealth v. Concepcion*, Docket No. 2225 MDA 2008 (Pa. Super. Ct.). Concepcion then sought allocatur in the Supreme Court of Pennsylvania on October 4, 2010, which was denied on June 1, 2011. *Commonwealth v. Concepcion*, Docket No. 701 MAL 2010 (Pa.).

---

[2] Conception was represented by Attorney Kenneth Wise at trial and on direct appeal before the Superior Court. (Doc. 1, at 1).

[3] Concepcion also filed an application for reargument that the Superior Court denied on September 2, 2010. *Commonwealth v. Concepcion*, Docket No. 2225 MDA 2008 (Pa. Super. Ct.).

After his petition for allocatur was denied, Concepcion filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 17, 2011, asserting four grounds for relief stemming directly from his trial and sentencing, as well as the three additional grounds for relief based on ineffective assistance of counsel that were first raised in Concepcion's *pro se* "Petition for Remand for Appointment of Counsel" to the Superior Court on direct appeal.[4] (Doc. 1). The Court directed Concepcion to file an amended petition that conforms to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.[5] (Doc. 7). On March 7, 2012, the Court received and filed the instant amended habeas petition, which incorporated by reference the claims set forth in Concepcion's original petition. (Doc. 8). The Respondent filed an answer on April 24, 2012, asserting that most of Concepcion's claims were procedurally defaulted. (Doc. 13). In an Order dated May 22, 2012, this Court appointed Concepcion counsel from the Federal Public Defender's office, on account of Concepcion's inability to speak English and the need to resolve questions regarding exhaustion and procedural default. (Doc. 15).

---

[4] The petition was received and docketed by this Court on November 30, 2011, but it was signed by Concepcion and appears to have been deposited in the prison mail system on November 17, 2011, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

[5] The Court also provided Concepcion with an election form pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), directing Concepcion to indicate whether he wished to proceed on the petition as filed or withdraw the petition so that he could later file a single all-inclusive petition setting forth all exhausted claims. (Doc. 5). Because Concepcion failed to indicate his choice in the returned election form (Doc. 6), the Court proceeded on the petition as filed, just as the Court stated it would do in the Order that accompanied Concepcion's election form. (Doc. 5).

On July 9, 2012, Concepcion's counsel filed an unopposed motion to stay these federal habeas proceedings, noting that Concepcion intended to file a PCRA petition that could resolve some of the issues concerning exhaustion and procedural default. (Doc. 18). Two days later, the Court issued an Order staying adjudication of the petition to permit Concepcion to exhaust his claims in state court and directing Concepcion's counsel to provide the Court with status reports throughout the pendency of the state court exhaustion efforts. (Doc. 19).

On August 7, 2012, counsel for Concepcion filed a status report advising that a PCRA petition had been filed in state court on July 24, 2012. (Doc. 20). The Juniata County Court of Common Pleas initially filed an order dismissing Concepcion's PCRA petition on February 1, 2013. *Commonwealth v. Concepcion*, Docket No. CP-34-CR-0000077-2007 (Juniata County C.C.P.). However, Concepcion filed a timely notice of appeal to the Superior Court on February 15, 2013, which resulted in the Superior Court vacating the dismissal on November 7, 2013 and remanding the matter back to the Court of Common Pleas for an evidentiary hearing. *Commonwealth v. Concepcion*, Docket No. 306 MDA 2013 (Pa. Super. Ct.). Upon remand, however, the Court of Common Pleas again filed an order denying Concepcion's PCRA petition on February 17, 2015. *Commonwealth v. Concepcion*, Docket No. CP-34-CR-0000077-2007 (Juniata County C.C.P.). In his most recent status report, filed on April 15, 2015, Concepcion's counsel informed the Court that the Court of Common Pleas had denied Concepcion's PCRA petition on remand and also noted that Concepcion failed to file a timely notice of appeal to the Pennsylvania Superior Court within thirty days of entry of the order by the Court of Common Pleas. *See* Pa. R. App. P. 903(a). The Court subsequently requested supplemental briefing from the parties on the issues of exhaustion and procedural default. (Doc.

39). Having reviewed these briefs (Doc. 41; Doc. 42), the Court is now ready to lift the stay in this action and address Respondent's contentions as to exhaustion and procedural default.

## II. DISCUSSION

### A. EXHAUSTION AND PROCEDURAL DEFAULT STANDARDS

#### 1. Exhaustion of Available State Remedies

Generally, a federal district court may not grant a habeas petition unless the petitioner has first exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 844–55 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). The United States Court of Appeals for the Third Circuit notes that "'[f]air presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway*, 355 F.3d at 714.

Exhaustion also "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. In Pennsylvania, a federal claim is deemed exhausted once it

is presented to the Superior Court of Pennsylvania—either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief—because the Pennsylvania Supreme Court is not considered an "available" state court remedy. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas proceeding, Concepcion's claims are all exhausted, whether actually or technically so.[6]

---

[6] Under Pennsylvania law, a PCRA petition generally must be filed "within one year of the date the judgment becomes final . . . ." 42 Pa. Cons. Stat. § 9545(b)(1). Judgment becomes final at the conclusion of direct review, which includes discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking that review. 42 Pa. Cons. Stat. § 9545(b)(3); *Commonwealth v. Owens*, 718 A.2d 330 (Pa. Super. 1998). Here, Concepcion's conviction became final on August 30, 2011, 90 days after the Pennsylvania Supreme Court denied allocator on June 1, 2011. *Commonwealth v. Concepcion*, Docket No. 701 MAL 2010 (Pa.). Because Concepcion's conviction became final well over a year ago, any attempt by Concepcion to file a new PCRA petition would be barred as untimely under 42 Pa. Cons. Stat. § 9545(b).

### 2. Procedural Default

Although all of Concepcion's claims are exhausted, "claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (citing *McCandless*, 172 F.3d at 260). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. "[S]tate procedural rules have been held to be inadequate if they are not 'firmly established and regularly followed,' or if they are 'novel[ ]' and unforeseeable." *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005) (alteration in original) (citations omitted) (quoting *Ford v. Georgia,* 498 U.S. 411, 424 (1991); *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457 (1958)). These requirements "ensure[ ] that federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule." *Bronshtein*, 404 F.3d at 707.

Ordinarily, "federal courts may not consider the[ ] merits [of procedurally defaulted claims] unless the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Lines*, 208 F.3d at 160 (citing *McCandless*, 172 F.3d at 260). To show "cause," a petitioner must establish "that some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner satisfies the "prejudice" prong by showing that the trial was "unreliable or . . . fundamentally unfair" because of a violation of federal law. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In order to demonstrate a "fundamental miscarriage of justice," a petitioner must present new evidence to show "that constitutional error has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## B. Constitutional Speedy Trial and Excessive Sentence Claims

Respondent argues that Concepcion's constitutional speedy trial and excessive sentence claims are procedurally defaulted because they were not fairly presented in state court. (Doc. 42, at 2-9). Specifically, respondent contends that Concepcion only raised a speedy trial claim in the context of state law, rather than under the speedy trial clause of the Sixth Amendment, as applied to the states through the Fourteenth Amendment. (Doc. 42, at 2-4); Pa.R.Crim.P. 600. Respondent likewise argues that Concepcion did not raise a constitutional challenge to his sentence as excessive until he filed his PCRA petition. (Doc. 42, at 6). "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless*, 172 F.3d at 261; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), *as amended* (Jan. 16, 1998) ("[F]ederal habeas claim must have been 'fairly presented' to the state courts, i.e., it must be the substantial equivalent of that presented to the state courts."). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made," *Anderson v. Harless,* 459 U.S. 4, 6 (1982), as the petitioner "must have communicated to the state courts in some way that [the petitioner was] asserting a claim predicated on federal law." *McCandless,* 172 F.3d at 261. A petitioner may "fairly present" a federal claim to state courts through "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Evans v. Court of Common Pleas, Delaware Ctny., Pa.*, 959

F.2d 1227, 1232 (3d Cir. 1992) (quoting *Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 194 (2d Cir.1982)).

### 1. Sixth Amendment Speedy Trial Claim

Respondent asserts that Concepcion only raised a speedy trial claim pursuant to Pa.R.Crim.P. 600, and thus neglected to bring a speedy trial claim under the Sixth Amendment. (Doc. 42, at 2-4). Concepcion, on the other hand, argues that his brief on direct appeal "addressed his speedy trial claim as a right that is constitutionally guaranteed" and also cited to the seminal United States Supreme Court case of *Barker v. Wingo,* 407 U.S. 514 (1972), which established a four-factor test for the analysis of Sixth Amendment speedy trial claims. (Doc. 14-7, at 63; Doc. 41, at 10). Concepcion did not go on to cite or apply the four-factor test adopted in *Barker*, and made no other reference to federal law throughout the ten pages of his appellate brief devoted to asserting that he was denied the right to a speedy trial. (Doc. 14-7, at 63-72; Doc. 42, at 4). Instead, Concepcion devoted the entirety of this section of his brief to arguing that he was deprived of his right under Pa.R.Crim.P. 600 to commence trial within 365 nonexcludable days of his initial plea. (Doc. 14-7, at 63-72). The lone sentence in Concepcion's appellate brief referring to the right to a speedy trial as "a constitutionally guaranteed right" did not communicate to the Superior Court that Concepcion was asserting a claim predicated on federal law. (Doc. 14-7, at 63); *McCandless,* 172 F.3d at 261.

Although a federal claim may be "fairly presented" through "reliance on pertinent federal cases employing constitutional analysis," Concepcion never actually ***relied*** on *Barker* or its federal constitutional analysis. *Evans,* 959 F.2d at 1232. To the contrary, in the very next sentence after referencing *Barker* for the proposition that a defendant has a speedy trial right, Concepcion asserted that Pa.R.Crim.P. 600 "is ***the*** vehicle for assuring that a defendant's right

to a speedy trial is guaranteed." (Doc. 14-7, at 63) (emphasis added). Because Concepcion never served notice that he was asserting a separate federal speedy trial claim by presenting the claim's factual and legal substance to the Superior Court, Concepcion's Sixth Amendment speedy trial claim was not "fairly presented" in state court and therefore is procedurally defaulted. Concepcion does not argue that his procedural default with respect to the Sixth Amendment speedy trial claim should be excused because of "cause and prejudice" or "a fundamental miscarriage of justice." Accordingly, it is recommended that Concepcion's Sixth Amendment speedy trial claim be dismissed as procedurally defaulted.

### 2. Excessive Sentence Claim

Respondent next alleges that Concepcion has also procedurally defaulted on his federal constitutional challenge to his sentence as excessive. (Doc. 42, at 4). Counsel for Concepcion appears to concede as much in his briefing on the issues of exhaustion and procedural default, noting that "[w]hile Mr. Concepcion's [direct appellate] brief in the Superior Court focused on the absence of evidence to support a sentence beyond that reflected in the jury's verdict, the constitutional challenge to such sentencing was set forth in Mr. Concepcion's PCRA petition."[7] (Doc. 41, at 11 (citations omitted)).

Concepcion's counsel instead argues that the procedural default with respect to this claim should be excused under the framework established in *Martinez v. Ryan*, 132 S. Ct. 1309

---

[7] To the extent that Concepcion maintains that he properly exhausted the federal constitutional component of his excessive sentence claim on direct appeal to the Superior Court, this Court does not find any evidence upon which it could conclude that a federal excessive sentence claim had been "fairly presented" to the state court. (Doc. 14-7, at 72-76); *see Evans*, 959 F.2d at 1232.

(2012). In *Martinez*, the United States Supreme Court established that a petitioner "may establish cause for the procedural default of an ineffective assistance of counsel claim by demonstrating that his or her counsel in an 'initial-review collateral proceeding' provided ineffective assistance of counsel." *Jones v. Pa. Bd. of Prob. & Parole*, 492 F. App'x 242, 244 (3d Cir. 2012) (not precedential) (citing *Martinez*, 132 S. Ct. at 1315). One such "initial-review collateral proceeding" is at the PCRA petition stage where appointed counsel provides constitutionally ineffective assistance in failing to assert a claim that should have been raised. *See Martinez*, 132 S. Ct. at 1318 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel for Concepcion thus alleges that Concepcion's PCRA counsel provided ineffective assistance in failing to raise a claim in the PCRA petition that trial/direct appellate counsel provided ineffective assistance in failing to assert a constitutional claim that Concepcion's sentence was excessive. (Doc. 1, at 10-11 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."); Doc. 41, at 11-12).

Although *Martinez* serves as a potential basis for establishing "cause and prejudice" to excuse a procedural default, the default can only be overcome if the petitioner demonstrates "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318. Counsel for Concepcion has not made that showing here, instead requesting this Court to excuse the procedural default now and allow the merits of the constitutional excessive sentence claim to be addressed in later briefing. (Doc. 41, at 12 & n.2). However, as noted by Respondent, Concepcion cannot establish "cause and prejudice" to excuse a procedural default

under *Martinez* without a showing that his underlying claim had some merit. (Doc. 42, at 6-7). Indeed, the fleeting invocation of *Martinez* in the brief filed by counsel for Concepcion, without facts offered to support the applicability of Martinez in this context, does not satisfy the burden of showing that the underlying constitutional claim had some merit. Thus, *Martinez* cannot serve as the basis for establishing "cause and prejudice" to excuse Concepcion's procedural default.[8] *See Muhammad v. Sills Cummis & Gross P.C.*, 621 F. App'x 96, 99 n.1 (3d Cir. 2015) (not precedential) ("Because Muhammad was represented by counsel during this period, we must construe his filings more strictly than we would if he had been acting *pro se*."); *Raia v. Aviles*, No. CIV.A. 11-3374 WJM, 2011 WL 2710275, at *6 n.17 (D.N.J. July 6, 2011) (citation omitted) ("While the courts construe *pro se* pleadings liberally and with a measure of tolerance, counseled pleadings are held to higher standards."). Furthermore, Concepcion does not argue that his procedural default should be excused because of "a fundamental miscarriage of justice." Accordingly, it is recommended that Concepcion's constitutional excessive sentence claim be dismissed as procedurally defaulted.

### C. DOUBLE JEOPARDY AND VENUE CLAIMS

The final two grounds for relief asserted in Concepcion's habeas petition that stemmed directly from his trial and sentencing are claims that his sentencing violated double jeopardy because his offense was continuing in nature, and a claim that venue was improper under the

---

[8] In fact, Respondent provided argument in his brief as to why the underlying ineffective assistance claim lacks merit. (Doc. 42, at 7-9). Although this Court does not base its conclusions on Respondent's assertion that the underlying ineffective assistance claim lacked merit, Respondent's briefing on this matter further illustrates Concepcion's need to demonstrate that the claim had some merit in order to satisfy the *Martinez* standard and excuse the procedural default at issue.

Sixth Amendment. (Doc. 1, at 13-14; Doc. 8, at 8-10). Respondent concedes that both of these claims were properly exhausted in state court. (Doc. 42, at 9). Accordingly, because there is no issue as to procedural default, it is recommended that both the double jeopardy and venue claims be allowed to proceed on the merits.

### D. INEFFECTIVE ASSISTANCE CLAIMS

The final three claims raised in Concepcion's habeas petition each involve allegations of ineffective assistance of trial/appellate counsel. (Doc. 1, at 16-17; Doc. 8, at 11). Specifically, Concepcion incorporates the three claims from his *pro se* "Petition for Remand for Appointment of Counsel" to the Superior Court, alleging that trial/appellate counsel rendered ineffective assistance in failing to: (1) argue that the evidence was insufficient to warrant a conviction; (2) investigate facts and interview witnesses that could have established an alibi defense; and (3) assert Confrontation Clause arguments in regard to the lack of evidence at trial linking him to the seized controlled substances other than the testimony of two admitted drug dealers, and the lack of any laboratory analysis to confirm the chemical nature of the controlled substances. (Doc. 1, at 16-17; Doc. 1-1, at 22-27). In his brief on the issues of exhaustion and procedural default, counsel for Concepcion argues that these ineffective assistance claims should be deemed properly exhausted because Concepcion presented the claims to the Superior Court in his *pro se* "Petition for Remand for Appointment of Counsel." (Doc. 41, at 13-14). Respondent, on the other hand, argues that Concepcion did not "fairly present" the ineffective assistance claims in his *pro se* filing to the Superior Court. (Doc. 13-1, at 6-8).

In *Commonwealth v. Grant*, the Supreme Court of Pennsylvania established that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." 813 A.2d 726, 738 (Pa. 2002). The following year, the Pennsylvania

Supreme Court created an exception to *Grant* in holding "that an appellate court may consider ineffective assistance claims on direct appeal only if the claims were raised below, developed in the certified record, and definitively determined by the lower court." *Commonwealth v. Jette*, 23 A.3d 1032, 1033 n.2 (Pa. 2011) (citing *Commonwealth v. Bomar*, 826 A.2d 831, 854-55 (Pa. 2003)). If the exception to *Grant* does not apply and "[a]ppellant [i]s represented by the same counsel at trial and on direct appeal . . . , the PCRA proceeding [is the] first opportunity to challenge the stewardship of prior counsel." *Commonwealth v. Hughes*, 865 A.2d 761, 775 (Pa. 2004).

In the case at bar, counsel for Concepcion does not assert that the *pro se* "Petition for Remand for Appointment of Counsel" fell under the exception to *Grant* established in *Bomar*. Instead, counsel for Concepcion argues that Concepcion's *pro se* filing to the Superior Court was proper under the procedure established in *Commonwealth v. Battle*. 879 A.2d 266 (Pa. Super. Ct. 2005), *abrogated by Jette*, 23 A.3d 1032. Under *Battle*, a *pro se* application to remand alleging ineffectiveness of counsel and seeking appointment of new counsel would be forwarded to appellant's current counsel, who would then be required to petition the court for remand and provide an evaluation of the ineffective assistance claims.[9] 879 A.2d at 268. The court would then determine whether to remand for appointment of new counsel after receiving the petition and assessment from applicant's counsel. *Battle*, 879 A.2d at 269. However, the Pennsylvania Superior Court in *Battle* stressed "that this Court does not review the *pro se* brief, but rather

---

[9] Although in effect at the time Concepcion filed his *pro se* "Petition for Remand for Appointment of Counsel" in 2009, this procedure was rejected by the Pennsylvania Supreme Court in 2011. *Jette*, 23 A.3d at 1044.

reviews counsel's analysis of the issues raised *pro se*." *Battle*, 879 A.2d at 269; *see Commonwealth. v. Ellis*, 626 A.2d 1137, 1141 (Pa. 1993) (denying Pennsylvania criminal appellants hybrid representation and refusing to consider their *pro se* briefs).

Counsel for Concepcion argues that the Superior Court may have reviewed the ineffective assistance claims in Concepcion's *pro se* filing on the merits, and therefore those claims may be sufficiently exhausted. (Doc. 41, at 11-12). There does not appear to be any controlling precedent within this Circuit addressing whether a petitioner may exhaust ineffective assistance claims through a *pro se* "Petition for Remand for Appointment of Counsel" on direct appeal. Nonetheless, this Court finds Concepcion's argument to be unavailing. First, *Battle* does not claim to be an exception to the rule established in *Grant* that "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Grant*, 813 A.2d at 738. *Battle* established a procedural rule to assist the Superior Court in contemplating whether a case should be remanded for the appointment of new counsel, but it did not contemplate adjudication on the merits of any ineffective assistance claims raised in the petition for remand. Second, the Superior Court in *Battle* expressly noted that the content of appellants' *pro se* briefs would not be reviewed, so Concepcion's *pro se* filing did not "fairly present" his ineffective assistance claims to the Superior Court. *Battle*, 879 A.2d at 269. As a final contention, counsel for Concepcion argues that any procedural default should be excused because the Superior Court did not properly follow the *Battle* procedure, and thus the rule established in *Battle* "was not a firmly established, independent, and adequate procedural rule." (Doc. 41, at 14-15). However, this argument also fails because the Court finds that the *Battle* procedural rule is inapplicable to administrative exhaustion. Thus, the firmly established, independent, and adequate procedural rule at issue here is the rule in *Grant* that "a petitioner

should wait to raise claims of ineffective assistance of trial counsel until collateral review." 813 A.2d at 738. Accordingly, Concepcion's "Petition for Remand for Appointment of Counsel" did not sufficiently exhaust his ineffective assistance claims.

The Court next turns to whether Concepcion properly exhausted his ineffective assistance claims during his post-conviction PCRA proceedings. As noted above, a federal claim is deemed exhausted once it is presented to the Superior Court of Pennsylvania. *See Lambert*, 387 F.3d at 233. Here, although Concepcion presented his ineffective assistance claims in his PCRA petition to the PCRA court, those claims were never presented to the Superior Court after Concepcion's PCRA petition was denied on February 17, 2015. (Doc. 35); *Commonwealth v. Concepcion*, Docket No. CP-34-CR-0000077-2007 (Juniata County C.C.P.). Concepcion cannot now go back and appeal the denial of his PCRA petition to the Superior Court, because the time to file a notice of appeal has lapsed. *See* Pa. R. App. P. 903(a). Concepcion's ineffective assistance claims therefore are technically exhausted because although these claims have not been "fairly presented" to the Superior Court, state procedural rules bar Concepcion from obtaining further relief. *McCandless*, 172 F.3d at 260. Furthermore, because Concepcion's ineffective assistance claims are "deemed exhausted because of a state procedural bar," they are procedurally defaulted. *Lines*, 208 F.3d at 160; *see Coleman*, 501 U.S. at 750. The thirty-day period for filing an appeal established in Pennsylvania Rule of Appellate Procedure 903 has been held to be an independent and adequate state procedural rule sufficient for the imposition of a procedural default. *Barnhart v. Kyler*, 318 F. Supp. 2d 250, 260 (M.D. Pa. 2004).

Concepcion does not argue that his procedural default in failing to timely appeal the denial of his PCRA petition to the Superior Court should be excused under either the "cause and prejudice" or "fundamental miscarriage of justice" standard. Accordingly, it is

recommended that Concepcion's three ineffective assistance claims be dismissed on the ground that they are barred by procedural default.

### III.  RECOMMENDATION

Based on the foregoing it is recommended that:

1. Concepcion's first (Sixth Amendment speedy trial claim), second (constitutional excessive sentence claim), and fifth through seventh (ineffective assistance claims) grounds for relief each be **DENIED** as procedurally defaulted;

2. Concepcion's third (constitutional double jeopardy claim) and fourth (venue claim) grounds for relief be permitted to proceed on the merits;

3. This case be remanded to the undersigned for further proceedings with respect to Concepcion's claims that have been properly exhausted.

**Dated: April 27, 2016**                                            **BY THE COURT:**


                                                                            *s/ Karoline Mehalchick*
                                                                            **KAROLINE MEHALCHICK**
                                                                            **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN CONCEPCION, | |
| Petitioner, | CIVIL ACTION NO. 1:11-CV-02225 |
| v. | (RAMBO, J.) |
| DAVID VARANO, | (MEHALCHICK, M.J.) |
| Respondent. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 27, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: April 27, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**