IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN CONCEPCION,** | : | |
| **Petitioner,** | : | **Civ. No. 1:11-cv-2225** |
| | : | |
| **v.** | : | |
| | : | **Judge Rambo** |
| **DAVID VARANO,** | : | |
| | : | **Magistrate Judge Mehalchick** |
| **Respondent.** | : | |

# M E M O R A N D U M

On November 30, 2011, Juan Concepcion filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this petition, he challenges his conviction in Juniata County Court of Common Pleas on drug trafficking charges and related offenses, and raises the following claims: (1) denial of a right to a speedy trial; (2) an excessive sentence; (3) a violation of the double jeopardy clause; (4) improper venue; and (5) three claims of ineffective assistance of counsel.

In her report, the magistrate judge made the following recommendations concerning Concepcion's claims:

1. Concepcion's first (Sixth Amendment speedy trial claim), second (constitutional excessive sentence claim), and fifth through seventh (ineffective assistance claims) grounds for relief each be DENIED as procedurally defaulted;

2. Concepcion's third (constitutional double jeopardy claim) and fourth (venue claim) grounds for relief be permitted to proceed on the merits;

3.  This case be remanded . . . for further proceedings with respect to Concepcion's claims that have been properly exhausted.

(Doc. 44, pp. 17-18.)

Concepcion filed objections to the report and recommendation, objecting only to the recommendation that relief on the ineffective assistance of counsel claims be denied as being procedurally defaulted. (Doc. 45.)

## I.        Discussion

In his objection, Concepcion argues that his ineffective assistance of counsel claims were presented to the Superior Court of Pennsylvania in a *pro se* "Petition for Remand for Appointment of Counsel." Respondent argues that this procedure did not "fairly present" these claims to the state court. (Doc. 13-1, pp. 6-8.)

The *pro se* petition was not considered on the merits. The Superior Court followed what was then the procedure established by the court when documents are filed *pro se* by represented appellants. *See Commw. of Pa. v. Ellis*, 534 Pa. 176, 180, 626 A.2d 1137, 1139 (Pa. 1993) (holding that there is no constitutional right to hybrid representation in the Pennsylvania courts); *Commw. of Pa. v. Battle*, 879 A.2d 266 (Pa. Super. Ct. 2005); *Commw. of Pa. v. Gallman*, 838 A.2d 768 (Pa. Super. Ct. 2003); *Commw. of Pa. v. Lawrence*, 596 A.2d 165 (Pa. Super. Ct. 1991). The procedure established under *Commonwealth of Pennsylvania v. Ellis*, 626

A.2d 1137, was followed by the Superior Court in its order of September 19, 2009.

That procedure was as follows:

> (1) when an appellant who is represented by counsel files a *pro se* petition, brief, or motion, the court forwards the document to his counsel; (2) if the brief alleges ineffectiveness of appellate counsel, counsel is requested to petition the court for remand; (3) in the petition for remand, counsel must cite appellants allegations of ineffectiveness and provide the court with an evaluation of the claims; (4) the court will then determine whether or not a remand for appointment of new counsel is required, based on the [court's] review of counsel's petition and the record.

*Battle*, 879 A.2d at 268-69 (citations omitted). This is precisely what the Superior Court's order of September 29, 2009 followed.

Concepcion's allegation that the Superior Court ruled on the merits of his ineffectiveness claim is lacking in credulity. The order does not ever refer to the claims presented or make any findings of fact or conclusions of law. There is nothing to support that these claims were addressed on the merits. (*See* Doc. 1-1, p. 30.)

**II.**     **<u>Conclusion</u>**

  The magistrate judge's recommendation that the petitioner's claims of ineffective counsel be dismissed as not having been exhausted at the state level will be adopted.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: June 14, 2016