IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN CONCEPCION,** | : | Civil No. 1:11-cv-2225 |
| Petitioner, | : | |
| v. | : | |
| **DAVID VARANO,** | : | |
| Respondent. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which she recommends that the remaining two issues in the petition filed by Juan Concepcion pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.[1] The remaining two claims for habeas relief involve (1) an alleged violation of the double jeopardy clause (Doc. 1, p. 13; Doc. 53, p. 10); and (2) improper venue and vicinage. Objections have been filed to the report and recommendation, and the government has filed an opposition to those objections. For the reasons that follow, the report and recommendation will be adopted.

### **I.** **Legal Standard**

Under 28 U.S.C. § 2254(d), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

---

[1] Concepcion was convicted in the Juniata Court of Common Pleas on July 24, 2008 of possession with intent to deliver a controlled substance, criminal use of a communication facility, corrupt organizations, criminal conspiracy, and dealings in proceeds of unlawful activities. The background and procedural history of this proceeding are adequately set forth in the report and recommendation and will be adopted herein.

be granted with respect to any claim that was adjudicated on the merits" unless such adjudication "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## II. Discussion

### a. Double Jeopardy Claim

Concepcion argues that Counts 1 and 4 (possession with intent to deliver a controlled substance) and Counts 2 and 5 (delivery of a controlled substance) of the Indictment were aggregate charges and thus multiplicitous as the conduct was continuance in nature, and therefore constitute a double jeopardy violation.

In this case, the Pennsylvania Superior Court found that Concepcion's acts were with different people at different times and involved different amounts, and rejected the argument that the crimes had to merge. The court relied on *Commonwealth of Pennsylvania v. Williams*, 958 A.2d 522 (Pa. Super. 2008) and *Commonwealth of Pennsylvania v. McCalman*, 795 A.2d 412 (Pa. Super. 2002) wherein the Superior Court had previously rejected merger arguments similar to those presented by Concepcion.

In *Ohio v. Johnson*, 467 U.S. 493 (1984), the Supreme Court held that, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether

2

punishments are 'multiple' is essentially one of legislative intent." *Id.* at 499 (internal citations omitted).

The Pennsylvania statute at issue in this case states: "[e]xcept as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance [is prohibited]." 35 Pa. C.S.A. §780-113(a)(30). In examining this statute, Pennsylvania courts have concluded that each instance of drug possession and delivery constitute separate acts and are not the same offense for purposes of double jeopardy and merger.

In *United States v. Kennedy*, 682 F.3d 244, 257 (3d Cir. 2012), the Third Circuit held "that the acts of possession and distribution involved discrete quantities of narcotics," as in the instant case, and are not subject to merger.

This court must defer to state appellate court determinations of state law questions. Furthermore, the Pennsylvania court has not rendered a decision in this case that is contrary to clearly established federal law. Accordingly, there has been no violation of the double jeopardy clause.

**b.** **Venue Claim**

Concepcion argues that his trial in Juniata County was improper under the Sixth Amendment. He claims that his right to a speedy trial by peers from his

own community was violated when he was tried by citizens of Juniata County instead of Dauphin County where he is a resident and where he distributed drugs to co-conspirators. He claims that he never distributed drugs to anyone in Juniata County.

Concepcion was charged with criminal conspiracy to possess with the intent to deliver a controlled substance. The Third Circuit has held that "venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy." *United States v. Perez*, 280 F.3d 318, 319 (3d Cir. 2002) (citing *Hyde v. United States*, 225 U.S. 347, 363-64 (1912)). Juniata County was considered the appropriate venue by the Superior Court because that was where the drugs were distributed by Concepcion's co-conspirators to whom he sold.[2]

### III.  Conclusion

Based on the foregoing, the petition will be dismissed. An appropriate order will issue.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: November 30, 2017

---

[2] The magistrate judge also addressed the issue of whether the vicinage provision of the Sixth Amendment has been violated. Vicinage refers to the geographical area from which jurors may be drawn. As the magistrate judge and respondent point out, this argument was not presented in the initial petition or before the state court, and furthermore, the Third Circuit has held that the Sixth Amendment vicinage provision is not applicable to state criminal trials. This court agrees and will not address the issue, as it is not properly before the court.